**Michael SINDRAM, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 04–1654C.**

United States Court of Federal Claims.

Aug. 31, 2005.

---

Michael Sindram, pro se, plaintiff.

Claudia Burke, United States Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

Plaintiff is an experienced litigant. To date, however, Plaintiff has been sanctioned or enjoined from filing *pro se* actions in the

1. *See In re Sindram*, 498 U.S. 177, 178, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) ("Petitioner is no stranger to this Court. In the last three years, he has filed 43 separate petitions and motions, including 21 petitions for certiorari, 16 petitions for rehearing, and 2 petitions for extraordinary writs.... In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system. Under the circumstances of this case, we find it appropriate to deny *in forma pauperis* status to petitioner in this and all future petitions for extraordinary relief.").

2. *See Sindram v. Johnson*, No. 91–7110, 1993 WL 135959 (D.C.Cir. Apr.20, 1993) ("Michael Sindram [is] enjoined from filing any new cases in the United States Court of Appeals for the District of Columbia Circuit without first obtaining leave of this court.... Mr. Sindram must certify that his claim or claims are not frivolous or taken in bad faith, and he must show a tenable basis for each claim."); *see also Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C.Cir.1993) ("The actions about which Sindram complains-imposing sanctions for falsifying affidavits in support of *in forma pauperis* petitions and prohibiting Sindram from filing any new civil actions *pro se* before paying the sanctions were well within the judges' judicial capacity and jurisdiction as the Court in *Mireles* defines them.").

3. *See In re Sindram*, No. 00–5429, 2001 WL 135764 (D.D.C. Jan.24, 2001) ("Petitioner has been enjoined from filing any petition for relief without first obtaining leave of this court ... Because petitioner has not complied with the terms of the injunction, the court will not accept his pleadings."); *Sindram v. Circuit City*, No. 92–

United States Supreme Court,[1] the United States Court of Appeals for the District of Columbia,[2] the United States District Court for the District of Columbia,[3] the United States District Court for the District of Maryland,[4] and courts in the State of Maryland.[5] Nevertheless, the United States Court of Federal Claims has exercised its discretion to afford Plaintiff with the same traditional privileges afforded a *pro se* litigant. For the reasons discussed herein, however, the United States Court of Federal Claims does not have jurisdiction over the claims asserted in the November 5, 2004 Verified Complaint. Therefore, as a matter of law, the court is required to dismiss the Complaint.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND [6]

Plaintiff was the recipient of a United States Department of Housing and Urban

2138, slip op. at 6 (D.D.C. Dec. 14, 1992) ("[I]n light of the serious nature of Mr. Sindram's abuse of process this Court hereby enjoins the Plaintiff, Michael Sindram, from filing any future actions in the United States District Court for the District of Columbia, *in forma pauperis* without leave of this court.").

4. *See Sindram v. Wallin*, No. S90–800, slip op. at 2 (D.Md. Mar.18, 1990) ("[I]n view of plaintiff's torrent of baseless and harassing filings, the Order will instruct the Clerk not to accept for filing any further civil suits instituted, or other papers filed, by Mr. Sindram in any case assigned to the undersigned ... unless and until a Magistrate of this Court reviews same and determines that the suit or paper is filed in good faith, and not for any improper purpose, and that it has a colorable basis in law and fact.").

5. *See Sindram v. Roth*, DCA No. 3206 & Civil No. 63862, slip op. at 2–3, 26 (Md.Cir.Ct. Jan. 14, 1993) ("Michael Sindram is no stranger to the court system. He has filed more than 300 cases in the District Court for Montgomery County, 56 cases in the Circuit Court for Montgomery County, Maryland, and 48 cases in the Court of Special Appeals of Maryland.... private citizens of this state, public officials, and the court have been harassed and abused by the totally frivolous and repetitive law suits filed by Mr. Sindram.... This court has personal jurisdiction over Mr. Sindram and will enter an Order enjoining him, upon pain of contempt, from filing any frivolous suit in any state or federal court.").

6. The relevant facts and procedural background recited herein were derived from: Plaintiff's November 5, 2004 Motion for Temporary Restrain-

Development ("HUD") Housing Choice Voucher ("HCV"), administered by the District of Columbia Housing Authority ("DCHA").[7] *See* Compl. ¶ 3. On November 5, 2004, Plaintiff filed a Verified Complaint in the United States Court of Federal Claims that alleged:

(1) breach of contract by HUD and DCHA. *See* Compl. ¶¶ 3–4;

(2) violation of unnamed regulations. *See* Compl. ¶ 5;

(3) discrimination based on disability, race and source of income in violation of Plaintiff's civil rights, pursuant to 42 U.S.C. § 1981 *et seq. See* Compl. ¶ 7;

(4) retaliation for having filed administrative Complaints with the Office of Human Rights. *See* Compl. ¶ 8;

(5) violation of the American with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq. See* Compl. ¶ 11;

(6) violation of Due Process and Equal Protection under the Fifth and Fourteenth Amendments to the United States Constitution. *See* Compl. ¶ 12.

The Complaint seeks compensatory, general, and punitive damages in the amount of $375,000, attorneys' fees and expenses in the amount $10,000, and injunctive relief. The Complaint named as defendants: Alphonso R. Jackson, Secretary of the United States Department of Housing and Urban Development ("HUD") and Michael Kelley, Director of the DCHA. *See* Compl. ¶ 2.[8] On November 5, 2004, Plaintiff also filed a Motion for a Temporary Restraining Order.

On November 22, 2004, the Government filed an Opposition to Plaintiff's Motion for Temporary Restraining Order. On November 30, 2004 Plaintiff filed a Supplemental Motion for Temporary Restraining Order and for Related Relief. On December 21, 2005, Plaintiff filed a Second Supplemental Motion for Temporary Restraining Order and for Related Relief. On February 2, 2005, the Government filed a Motion to Dismiss. On February 23, 2005, Plaintiff filed an Opposition and a Motion for Judgment on the Pleadings [Or] In the Alternative, Motion for Summary Judgment [Or] In the Further Alternative, For Trial on the Merits and for Related Relief. On March 7, 2005, the Government filed a Reply in Support of Its Motion to Dismiss. On March 18, 2005, Plaintiff filed an Opposition to the Government's Reply.

## DISCUSSION

### A. Jurisdiction.

The United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). Therefore, in order to come within the jurisdictional reach of the Tucker Act, a

ing Order and Verified Complaint ("Compl."); Defendant's November 22, 2004 Opposition to Plaintiff's Motion for Temporary Restraining Order ("Gov't Opp.") and Appendix ("Gov't App.") thereto; Plaintiff's December 21, 2004 Second Supplemental Motion for Temporary Restraining Order and For Related Relief ("Supp.TRO"); Defendant's February 2, 2005 Motion to Dismiss ("Gov't Mot. Dismiss"); Plaintiff's February 23, 2005 Opposition and Motion for Judgment on the Pleadings Or, In the Alternative, Motion for Summary Judgment Or, In the Alternative, For Trial On the Merits and For Related Relief ("Pl. Opp."); Defendant's March 7, 2005 Reply ("Gov't Reply").

7. DCHA was established as "an independent authority of the District [of Columbia] government[.]" *See* D.C. CODE ANN. § 6–202 ("The [DCHA] shall govern public housing and implement the Housing Act of 1937 in the District[.]").

8. Plaintiff styled the Complaint *Michael Sindram v. Alphonso R. Jackson and Michael Kelley.* The Clerk of the Court correctly docketed the Complaint as *Michael Sindram v. United States* (hereinafter, Defendant is referred to as "the Government.").

plaintiff must identify and plead a constitutional provision, federal statute, independent contractual relationship, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act."); *see also Roth v. United States*, 378 F.3d 1371, 1384 (Fed.Cir.2004) ("Because the Tucker Act itself does not provide a substantive cause of action, ... a plaintiff must find elsewhere a money-mandating source upon which to base a suit.").

Since the Complaint has plead a contractual relationship with the United States, the United States Court of Federal Claims has jurisdiction to adjudicate the claim for breach of contract. *See* Compl. ¶¶ 3–4.

### B. *Pro Se* Plaintiff Pleading Requirements.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff traditionally have been held to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (stating that *pro se* complaints " 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[.]' "). Therefore, the court has exercised its discretion in this case to examine the pleadings and record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969).

### C. Standard For Decision On Motion To Dismiss For Lack Of Subject Matter Jurisdiction.

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act.").

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004) (citing *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed.Cir.1993)); *see also* RCFC 12(b)(1). As the non-moving party, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Awad v. United States*, 301 F.3d 1367, 1375 (Fed.Cir. 2002) (quoting *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991)) ("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists.").

### D. The Court's Resolution Of The Government's Motion To Dismiss.

#### 1. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Of Alleged Wrongful Conduct By A Government Official.

Alleged wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction. *See* 28 U.S.C. § 1346(b) ("[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); *see also Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 391–94, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)

(holding that, under certain circumstances, a party may bring an action for violations of constitutional rights against Government officials in their individual capacities); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir. 1997) ("The Tucker Act grants the [United States] Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

■ Therefore, all claims asserted in this action against individual defendant, Alphonso R. Jackson, Secretary of the United States Department of Housing and Urban Development, are dismissed for lack of subject matter jurisdiction. Other claims alleged against the United States are discussed herein.

2. **The United States Court Of Federal Claims Does Not Have Jurisdiction Over Claims For Breach Of Contract Since Plaintiff Is Not A Party Thereto Nor In Privity Therewith Nor A Third–Party Beneficiary.**

The Complaint alleges that a contract exists between Plaintiff, HUD, and the DCHA. *See* Compl. ¶ 3. Plaintiff is a recipient of a HCV administered by the DCHA and funded by HUD. *Id.* Therefore, Plaintiff reasoned that a contract exists between Plaintiff and the Government, because HUD provides funds to DCHA, making HUD and DCHA "inextricably interwoven." *See* Pl. Opp. at 3.[9]

■ To establish jurisdiction and standing in the United States Court of Federal Claims, Plaintiff must establish that it is a party to a contract with the Government or in privity therewith. *See Trauma Service Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir.1997) ("To show jurisdiction ... [Plaintiff] must show that either an express or implied-in-fact contract underlies its claim."); *see also Chancellor Manor v. United States,* 331 F.3d 891, 899 (Fed.Cir.2003) ("[F]or the [G]overnment to be sued on a contract pursuant to the Tucker Act, there

must be privity of contract between the plaintiff and the United States."); *Cienega Gardens v. United States,* 194 F.3d 1231, 1239 (Fed.Cir.1998) ("The effect of finding privity of contract between a party and the United States is to find a waiver of sovereign immunity.").

■ The DCHA receives funds from HUD under a Consolidated Annual Contributions Contract for Housing Voucher Program (the "Contract") for the District of Columbia.[10] *See* 42 U.S.C. § 1437f(*o*)(1)(A) ("The [HUD] Secretary may provide assistance to public housing agencies for tenant-based assistance using a payment standard established in accordance with subparagraph (B)."); *see also* Gov't App. 1–13. Plaintiff, however, is not a party to the Contract nor in privity. *See* Gov't App. 1–13. HUD's funding of DCHA does not establish a contract between Plaintiff and the Government. *See Katz v. Cisneros,* 16 F.3d 1204, 1210 (Fed.Cir.1994) (quoting *Marshall N. Dana Constr., Inc. v. United States,* 229 Ct.Cl. 862, 864 (1982) ("A grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [Plaintiff] and the [G]overnment.... 'This is true even if the local agency is acting merely as a conduit for the federal funds.' ")).

■ In the alternative, to establish a third-party beneficiary relationship, Plaintiff "must demonstrate that the contract not only reflects an express or implied intention to benefit the party, but that it reflects an intent to benefit the party directly[.]" *Chancellor Manor,* 331 F.3d at 901 (citing *Castle v. United States,* 301 F.3d 1328, 1338 (Fed. Cir.2002)). The Contract at issue, however, expressly disclaims any third-party rights:

*EXCLUSION OF THIRD PARTY RIGHTS.*
Nothing in the [Contract] shall be construed as creating any right of any third party to enforce any provision of this [Contract], or to assert any claim against HUD

---

9. Plaintiff did not attach a copy of the "contract" with DCHA and also did not attach a copy of any other written agreement with HUD.

10. It is the policy of the United States "to promote the general welfare of the Nation by em-

ploying the funds and credit of the Nation ... to assist States and political subdivisions of States to address the shortage of housing affordable to low-income families[.]" 42 U.S.C. § 1437(a).

or the [Public Housing Authority] under this [Contract].

Gov't App. at 13.

Therefore, as a matter of law, Plaintiff is not a party to the Contract, in privity therewith, nor a third-party beneficiary of the Contract between HUD and DCHA. Accordingly, the United States Court of Federal Claims does not have jurisdiction to adjudicate Plaintiff's claims for breach of contract.

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction Over Claims Against The District Of Columbia Or The District Of Columbia Housing Authority And Its Director.

■ Plaintiff argues that the District of Columbia is a "federal enclave over which this Honorable Court has jurisdiction over weighty subject matter in this meritorious Verified Complaint." *See* Pl. Opp. ¶ 2. Plaintiff misconstrues the authority of the United States Court of Federal Claims. Congress has not authorized the court to adjudicate claims against the District of Columbia or any of its agencies. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States[.]"); *see also United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[The United States Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Moreover, it appears that Plaintiff is not aware that, as a matter of law, the District of Columbia is not an agent of the United States Government. *See John McShain, Inc. v. United States*, 179 Ct.Cl. 632, 375 F.2d 829, 831 (1967) ("Article 1, Section 8 of the Constitution, granting Congress the exclusive power to enact legislation for the District, does not make the District the agent of the Federal Government. Nor does it make the Federal Government liable for the actions of the District."); *see also Women Prisoners of District of Columbia Dept. Of Corrections v. District of Columbia*, 93 F.3d 910, 948 (D.C.Cir.1996) ("Although the District of Columbia is not a state, its local court system has enjoyed powers commensurate with those of the states for a quarter of a century.").

Accordingly, the United States Court of Federal Claims does not have jurisdiction over Plaintiff's claims asserted against the District of Columbia or the DCHA, nor its Director, Michael Kelley.

### 4. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims For Alleged Violations Of Plaintiff's Civil Rights.

■ The Complaint also alleges that DCHA "in concert with HUD discriminated against Plaintiff based on disability, race, and source of income so as to cause him undue burden, expense, and hardship, and in violation of his civil rights cognizable under 42 U.S.C. § 1981 *et seq.*" *See* Compl. ¶ 7. As a matter of law, the United States District Courts have exclusive jurisdiction over claims for alleged civil rights violations. *See* 28 U.S.C. § 1343 ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.] . . . For purposes of this section(1) the District of Columbia shall be considered to be a State[.]"); *see also Awad v. United States*, 301 F.3d 1367, 1370 (Fed.Cir.2002) ("Section 1988 of Title 42 grants the district courts the authority to award certain remedies in cases involving civil rights.").

Accordingly, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims for alleged violation of Plaintiff's civil rights.

5. **The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims For Retaliation, Arising From Plaintiff's Filing Administrative Complaints With The Office Of Human Rights.**

■ In addition, the Complaint alleges that "[i]n retaliation for having filed administrative Complaints with Office of Human Rights defendants continue to escalate Plaintiff's rent and refuse to allow for his deductible medical expenses." Compl. ¶ 8; *see also* D.C. CODE ANN. § 2–1402.61 ("It shall be an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter."). This claim arose from alleged actions of the DCHA in calculating Plaintiff's rent and not the actions of the United States. *See* Compl. ¶ 4 ("[P]ortion of rent to be paid by Plaintiff as determined by DCHA General Counsel Keith Vancroft[.] ... DCHA has imposed restrictions on Plaintiff to enter its building and set for him a different standard as opposed to others similarly situated.").

As previously discussed, the United States Court of Federal Claims does not have jurisdiction over claims against the DCHA. The proper forum for claims against the DCHA is the Superior Court of the District of Columbia. *See* D.C. CODE ANN. § 2–1403.16. ("A person claiming to be aggrieved by an unlawful discriminatory practice on the part of District government agencies, officials, or employees may elect to file an administrative complaint under the rules of procedure established by the Mayor under this section or a civil action in a court of competent jurisdiction.").

Therefore, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims for retaliation against the Government arising from Plaintiff's filing administrative complaints with the Office of Human Rights.

6. **Plaintiff Has Not Identified Nor Plead A Substantive Right To Money Damages Upon Which To Base Jurisdiction.**

■ Although the Complaint alleges unlawful conduct by HUD, the Complaint does not identify nor plead a money-mandating source in law. *See Fisher,* 402 F.3d at 1173 ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act."). The Complaint also alleges that "[i]n accordance with HUD regulations Plaintiff is entitled deduct from his rent outstanding medical bills and anticipated medical bills [and] HUD is aware of DCHA's wanton and willful malicious misconduct and total disregard of Plaintiff's rights and interest has yet to take appropriate action." Compl. ¶¶ 5,6. Even viewed under the less-stringent pleading requirements afforded a *pro se* litigant, these allegations fail to identify any statute or regulation that entitles Plaintiff to receive money damages from the Government.

Without a money-mandating source, Plaintiff's claims of violations of Due Process and Equal Protection filed under the Fifth and Fourteenth Amendments to the United States Constitution also are not within the jurisdiction of the United States Court of Federal Claims. *See Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988) (*citing United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)) ("As to her claim for damages for alleged violation of the due process and equal protection clauses of the Constitution, it is firmly settled that these clauses do not obligate the United States to pay money damages.").

Therefore, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims alleged in this case for HUD's alleged violations of unnamed regulations or alleged violations of the United States Constitution.

7. **The United States Court Of Federal Claims Does Not Have Jurisdiction Over Claims For Alleged Violations Of The Americans With Disabilities Act Of 1990, 42 U.S.C. §§ 12101 *et seq.***

■ The Complaint also alleges that HUD and DCHA have "failed to give Plain-

tiff ... reasonable accommodation in accordance with the Americans with Disabilities Act of 1990, [42 U.S.C. §§ 12101 *et seq.* ("ADA")]." Compl. ¶ 11. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity," however, does not include the federal government. *See* 42 U.S.C. § 12131 ("The term "public entity" means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)."); *see also Boddie v. United States,* 86 F.3d 1178, 1178 (Fed.Cir.1996) ("The Americans with Disabilities Act does not cover the federal government.").

Accordingly, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims against the United States or the DCHA for alleged violations of the ADA.

8. **The United States Court Of Federal Claims Does Not Have Jurisdiction To Transfer Claims To The Superior Court For The District Of Columbia.**

■■■ Section 1631 of Title 28 of the United States Code provides:

Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed[.]

28 U.S.C. § 1631; *see also Texas Peanut Farmers v. United States,* 409 F.3d 1370, 1374 (Fed.Cir.2005) (quoting *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir.1999) (citations omitted) ("'A compelling reason for transfer

is that the [plaintiff], whose case if transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court ... will be time-barred if his case is dismissed and thus has to be filed anew in the right court.'")). The statute defines "court:"

[I]ncludes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 601.

The proper forum for Plaintiff's claims for breach of contract and retaliation under the District of Columbia Human Rights Act, D.C. CODE ANN. § 2–1402.61, would be the Superior Court of the District of Columbia. The United States Court of Federal Claims has jurisdiction only to transfer to another federal court that would have been able to exercise jurisdiction at the time the action was filed. *See* 28 U.S.C. § 1631. Transfer to the Superior Court of the District of Columbia is equivalent to a transfer to a state court. *See Women Prisoners of District of Columbia Dept. Of Corrections,* 93 F.3d at 948 (*quoting Palmore v. United States,* 411 U.S. 389, 392 n. 2, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973) ("Congress invested the [District of Columbia] local courts with jurisdiction equivalent to that exercise by state courts.")); *see also Kier Bros. Inv. Inc. v. White,* 943 F.Supp. 1, 4 (D.D.C.1996) ("[T]he Court may not transfer this case to a state court under § 1631 because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610.").

Accordingly, the United States Court of Federal Claims has no jurisdiction to transfer claims to the Superior Court for the District of Columbia. In any event, it appears that Plaintiff also is barred from filing any further actions in the Superior Court of the District of Columbia.[11]

---

**11.** *See Sindram v. Thorne,* No. 03–CA–9551, slip op. at 2 (D.C.Sup.Ct. Mar. 2, 2004) (Order) ("Mr. Sindram has never paid the $3,000.00 sanction Retired Judge Suda imposed and persists in his

attempts to file suits *in forma pauperis* despite Judge Suda's prohibition.... Mr. Sindram's *in forma pauperis* status was vacated by the undersigned and his case was dismissed for his con-

9. **The United States Court Of Federal Claims Does Not Have Jurisdiction to Grant Equitable Relief In This Case.**

In light of the dismissal of Plaintiff's claims in the November 5, 2004 Complaint, the United States Court of Federal Claims has no independent jurisdiction to grant injunctive relief. *See Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act does not provide independent jurisdiction over ... claims for equitable relief."). Accordingly, any claim for such relief in the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's November 5, 2004 Motion for Temporary Restraining Order, November 30, 2004 Supplemental Motion for Temporary Restraining Order and for Related Relief, December 21, 2005 Second Supplemental Motion for Temporary Restraining Order and for Related Relief and February 23, 2005 Motion for Judgment on the Pleadings; [Or] In the Alternative, Motion for Summary Judgment; [Or] In the Further Alternative, For Trial on the Merits and for Related Relief are denied.

Defendant's February 2, 2005 Motion to Dismiss is granted. The Clerk of the Court is ordered to dismiss the November 5, 2005 Complaint, with prejudice.[12]

**IT IS SO ORDERED.**

tinuing failure to comply with Retired Judge Suda's Order. That is how matters will remain."); *see also Sindram v. Briggs*, Nos. 92SC2905, 91SC26258, slip op. (D.C.Sup.Ct. Apr. 28, 1992) (Opinion) (Suda, J.) ("This Court's review reveals that since mid–1988, Mr. Sindram has filed approximately 42 lawsuits in this court[.] ... These cases reveal Mr. Sindram's pattern of repeating the same claims but against different defendants.... [T]he Court enjoins Mr. Sindram from filing any new cases against anybody in the District of Columbia Superior Court in a *pro se* capacity until he pays the Rule 11 fine [of $3,000] just imposed, *and* this Court has been provided with satisfactory proof by the Clerk of the Court of this payment, *and* this Court issues a further order stating that this condition has been satisfied.").

12. It appears from a review of Plaintiff's prior filings that the same claims are repeated from lawsuit to lawsuit, changing only the names of the defendants. For instance, in this case, Plaintiff's claims for alleged Due Process and Equal Protection violations are identical to those filed in other cases in the United States District Court for the District of Columbia. *Compare* Compl. ¶ 12 ("Defendants' unconstitutional acts are 'in the clear absence of jurisdiction' violating due process, fundamental fairness, and equal protection of the law.... Defendants continue to act with impunity to deprive Plaintiff[.]' ") *with Sindram v. Saunders*, No. 03–2110 (D.D.C. Nov. 12, 2003) (Am.Compl.) ("Defendant's unconstitutional acts are 'in the clear absence of jurisdiction' " violating due process, fundamental fairness, and equal protection of law ... "Defendant continues to act with impunity to deprive Plaintiff[.]"); *Sindram v. Circuit City*, No. 92–2138 (D.D.C. Apr.20, 2004) (Motion for Clarification) ("The court's unconstitutional acts are 'in the clear absence of jurisdiction' violating due process, fundamental fairness, and equal protection of the law ... This Court continues to act with impunity to deprive Plaintiff[.]"). In addition, Plaintiff also frequently asserts violations of his civil rights. *See, e.g.*, Compl. ¶ 7; *Sindram v. Kenneth L. Saunders*, No. 03–CV–02110–HHK (D.D.C. Oct. 16, 2003) (Compl.); *Sindram v. Mark P. Hines*, No. 01–0419 (D.D.C. Oct. 18, 2001) (Amended Compl.); *Sindram v. Circuit City*, No. 92–2138 (D.D.C. Sept.21, 1992) (Compl.). For these reasons, the court has determined that the public interest is served by dismissing all claims in the November 5, 2005 Complaint, with prejudice.