Fabio DECRISTOFARO, Plaintiff,

v.

UNITED STATES, Defendant.

No. 06–726C.

United States Court of Federal Claims.

Nov. 30, 2006.

Fabio Decristofaro, pro se.

## ORDER

HORN, Judge.

The plaintiff, Fabio Decristofaro, filed a "Motion of Recovery of my money," in this court on October 22, 2006. This court construes this document as a complaint. In his complaint, the plaintiff alleges that after being extradited from Broward County Main Jail, Fort Lauderdale, Florida, Broward County wrongly deducted $2.00 a day from his "account fund" from August 15, 1996 to February 1997, for a total of $346.00. Plaintiff alleges that this money was wrongly taken from him because the county was "responsible for all fees and cost pertaining to the agreement on extradition." Plaintiff requests "the claims court to have the responsible party or parties to return his [plaintiff's] $346.00 that was taken against his will and illegally." In addition to his complaint, plaintiff also filed a petition to proceed *in forma pauperis* and a document titled "Motion of inquiry and motion to reopen via rule civil procedure 60(b) for the purpose to obtain a fair judgment that you claim is void being time barred." For the reasons discussed below, the court finds that plaintiff fails to meet the requirements for proceeding *in forma pauperis,* and that even if the court were to grant plaintiff's petition, this court lacks subject matter jurisdiction to hear plaintiff's claim.

## DISCUSSION

*Petition to Proceed In Forma Pauperis*

In this motion, plaintiff, acting *pro se*, asks leave of court to proceed *in forma pauperis.* Plaintiff appears to be an incarcerated inmate at a federal correctional facility in Springfield, Missouri.[1] In order to provide

---

1. In his complaint, plaintiff lists his return address as:

Fabio Decristofaro Pro–Se
  18420–004
  Medical Center Federal Prisoners

access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC), 28 U.S.C. § 1915 (2000) permits a court of the United States, including this one, to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. The applicable statute, 28 U.S.C. § 1915, provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (2000) (bracketed word in original); *see also Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) (discussing 28 U.S.C. § 1915(a)).

When the person submitting a request to proceed *in forma pauperis* is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); *see also Matthews v. United States,* 72 Fed.Cl. 274, 277 (2006). Subsection 1915(b)(1) also requires that the filing fee for a lawsuit filed by a prisoner eventually be paid in full from funds available to prisoners. Subsection (b)(1) specifically states:

> (b) (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an

appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

■ Therefore, pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for *in forma pauperis* status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress. As a prisoner requesting *in forma pauperis* status, in accordance with 28 U.S.C. § 1915(a)(2), the plaintiff also must submit a certified copy of the trust fund account statement for the prisoner for the six months preceding the filing of the action, along with the affidavit required by 28 U.S.C. § 1915(a)(1).

■ In the above-captioned case, the plaintiff, Fabio Decristofaro, complied with the requirements of 28 U.S.C. § 1915(a)(1) by attaching an affidavit which indicates that he has no income or property of value, no cash in a checking or savings account, and no other available assets. However, plaintiff failed to comply with the statutory requirements of 28 U.S.C. § 1915(a)(2). As noted above, plaintiff submitted a document dated August 2, 2006, including copies of three receipts which appear to be records of spending activity for his inmate bank account. Under the terms of the statute, however, this court must require submission of a certified copy of the plaintiff's trust fund account statement before the court "may authorize

P.O. Box 4000
Springfield, Missouri 65801
He also submitted three receipts to this court in support of his Motion for Leave to Proceed *In*

*Forma Pauperis,* which appear to be inmate account records and read "Springfield MCFP."

the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security", 28 U.S.C. § 1915(a), unless a proper *in forma pauperis* application satisfying the requirements of 28 U.S.C. § 1915(a)(1) and (a)(2) has been filed. Plaintiff's request to proceed *in forma pauperis*, therefore, must be denied. Furthermore, although the court finds that plaintiff has submitted insufficient documentation under the statute for the court to grant plaintiff's request to proceed *in forma pauperis* as discussed below, plaintiff's complaint is jurisdictionally defective and would be dismissed from this court in any event.

*Subject Matter Jurisdiction*

The court recognizes that the plaintiff is proceeding *pro se*. Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe*, 449 U.S. at 15, 101 S.Ct. 173), *cert. denied*, 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading....'" *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). "'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States*, 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States*, 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied*.

Furthermore, subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte*, and even on appeal. *See Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed. Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). A plaintiff must establish jurisdiction by a preponderance of the evidence. *See Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States*, 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States*, 48 Fed.Cl. 851, 857 (2001), *aff'd in part*, 281 F.3d 1376 (Fed.Cir.), *reh'g denied* (2002); *Bowen v. United States*, 49 Fed.Cl. 673, 675 (2001), *aff'd*, 292 F.3d 1383 (Fed.Cir.2002); *Vanalco, Inc. v. United States*, 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed.Cir. 1996) (table).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc* ), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law re-

lied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.'" *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999))); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ For several reasons, discussed below, this court does not have jurisdiction to hear plaintiff's claims. First, because plaintiff's complaint is not in the normal format required for such filings, it is unclear who he is naming as a defendant in this action. However, from what this court can ascertain from his filings, it appears that plaintiff is asserting a claim for money against Broward County, Florida. When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations. *See Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The jurisdiction of this court extends only to suits against the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.), *reh'g denied* (1997); *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Nat'l City Bank v. United States,* 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well

established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); *Sindram v. United States,* 67 Fed.Cl. 788, 794 (2005) (noting that the jurisdiction of the United States Court of Federal Claims is confined to cases against the United States); *Kennedy v. United States,* 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."). Therefore, to the extent that the plaintiff is bringing a claim against a defendant other than the United States, as appears to be the case, his complaint would have to be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

■ Additionally, the court notes that plaintiff's claim also appears to be jurisdictionally defective because plaintiff's claim for wrongful appropriation of his money sounds in tort. The Tucker Act expressly excludes such claims from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1) (1994); *see Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997), *reh'g denied* (1997); *Golden Pacific Bancorp. v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739 (2006); *D.F.K. Enters., Inc. v. United States,* 45 Fed.Cl. 280, 284 (1999).

In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated:

It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ...

in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States,* 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981). *Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993). Accordingly, this court does not possess subject matter jurisdiction to hear Mr. Decristofaro's claim.

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis* is **DENIED.** However, based on the facts alleged in plaintiff's complaint, even if this court were to have found plaintiff's offer of a copy of his inmate account receipts to meet the requirements of the statute, this court is without jurisdiction to review the allegations urged in plaintiff's complaint. Consequently, Mr. Decristofaro should understand that no purpose would be served for him to attempt to improve his *in forma pauperis* petition and refile his complaint because the court still would not have jurisdiction to review the claims included in his complaint, for the reasons discussed above. The plaintiff's case before this court remains unfiled and should be returned to the plaintiff. Should plaintiff refile this complaint, the Clerk of the Court shall notify the assigned judge of this Order.

**IT IS SO ORDERED.**