**Crystal SHALHOUB, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 07–97C.

United States Court of Federal Claims.

March 1, 2007.

---

**ORDER**

HORN, Judge.

The plaintiff, Crystal Shalhoub, filed a complaint, *pro se*, in this court on February 8, 2007. In her complaint, she stated:

The Complaint is to claim my pay from back pay and my loan pay from back pay. I was on back pay from work including U.S. Military work, and more funds from all work that I did, and ensuements [sic]

including marriages, and abuse cases that involve myself, Crystal Shalhoub.

Plaintiff, acting *pro se*, also asks leave of court to proceed *in forma pauperis.* In order to provide access to this court to those who cannot pay the filing fees mandated in this court by Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC), 28 U.S.C. § 1915 (2000) permits a court of the United States to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. The applicable statute, 28 U.S.C. § 1915, provides:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (bracketed word in original); *see also Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) (discussing 28 U.S.C. § 1915(a)).

However, "[e]ven if the court finds that plaintiff's affidavit presents sufficient support for waiver of prepayment of the filing fee, the court shall dismiss the case at any time if it determines that the asserted claim is 'frivolous or malicious' or 'fails to state a claim on which relief may be granted.'" *Hayes v. United States,* 71 Fed.Cl. at 369–70 (citing 28 U.S.C. § 1915(e)(2)(B)). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, [section 1915(e)'s] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (footnote omitted). A complaint may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ When determining whether a plaintiff fails to state a claim, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .' " *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). *See also Minehan v. United States*, No. 05–924T, 75 Fed.Cl. 249, 251, 2007 WL 489224, at *3 (Ct.Fed.Cl. Jan. 26, 2007).

In the case before the court, plaintiff alleges that she is entitled to back pay for military service, which she described in a long narrative, including, for example:

> Missions and work for the U.S. Military that I completed include ensuements [sic], tests, playing outdoor and indoor sports like field hockey, volleyball, soccer, horseback riding, and winter sports like ice hockey, figure skating, and skiing. More work that I did includes mess specialty work in food service, recruiting for Military, Olympics, New York Racing Association (N.Y.RA), and Police, and completing bootcamps and working at bootcamps. I did Olympic work, doing everything indoors and outdoors, and Police and Security work for Olympics, Education, Schools including Colleges, New York Racing Association (N.Y.RA), Mess Specialty, Entertainment, Relationships, Rehabs, and Businesses, New York State, County and City. I did work for the Federal Bureau of Investigations, FBI, college studies work, science studies and work including nursing and Nurse Corps, and doctoring and Doctor Corps. I also did work for the U.S. Military after bootcamp and training, as a U.S. League of Nations, and I did secretary work for the U.S. Military and U.S. President and the White House in Washington D.C. and other U.S. cities including where I reside in Mayfield, New York where I reside in New York State, etc. . . .

Plaintiff further alleges: "I was told then and later, before the work and after that I earn back pay from all missions, and back pay from all wages that I earn working from all ages that I was working before and after 18 years old." She goes on to describe work experience ranging, for example, from "flying and escorting for military police," "correction work," "teaching," "modeling," "dancing," and "stripping," in a variety of locations, including New York State, Washington, D.C., and Florida.

■ Initially, the court notes that to the extent plaintiff is alleging claims against parties other than the United States, this court lacks jurisdiction. When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations. *See Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The jurisdiction of this court extends only to suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.), *reh'g denied* (1997); *Berdick v. United States*, 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Nat'l City Bank v. United States*, 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United

States, and obviously a controversy between private parties could not be entertained."); *Sindram v. United States,* 67 Fed.Cl. 788, 794 (2005) (noting that the jurisdiction of the United States Court of Federal Claims is confined to cases against the United States); *Kennedy v. United States,* 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."). Therefore, to the extent that the plaintiff is bringing a claim against a defendant other than the United States, as appears to be the case, those portions of her complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

■ To the extent that plaintiff's claim can be read as a claim against the United States, the court finds that plaintiff fails to state a claim upon which relief can be granted. Plaintiff has even failed to allege that she ever was on active duty in the United States military or a United States government employee. With respect to that portion of plaintiff's claim which rests on back pay for work in the United States military or other United States government entities, her claims are not based on any factual predicate. Even construing plaintiff's complaint liberally, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99.

Plaintiff's complaint also can be dismissed for meeting the legal definition for a frivolous lawsuit. The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless'... a category encompassing allegations that are 'fanciful' ... 'fantastic,' ... and 'delusional ....'" *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (internal citations omitted). Thus, as stated by the Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33, 112 S.Ct. 1728. Courts, however, should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. *Id.* In this case, based on the allegations in plaintiff's complaint, this court finds that plaintiff's claim meets the legal standard for frivolousness articulated by the Supreme Court.

### CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED**, with prejudice. Each party shall bear its own costs, attorney fees and expenses. The clerk's office shall enter **JUDGMENT** consistent with this order.

**IT IS SO ORDERED.**