# In the United States Court of Federal Claims

No. 12-913 C
(Filed: September 12, 2013)

```
*************************************
SAMY GHARB,                         *
                                    *
                 Plaintiff,         *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
*************************************
```

Pro se Plaintiff; RCFC 12(b)(6); 28 U.S.C. § 1498(a); Sufficiency of a Complaint's Factual Allegations; Conclusory Statements

Samy Gharb, Zurich, Switzerland, pro se.

Scott Bolden, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

In this patent action, plaintiff Samy Gharb filed a pro se complaint alleging infringement of his now expired patent. Defendant moves to dismiss the complaint under Rules 41(b), 12(b)(1), and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Because plaintiff has provided nothing more than conclusory allegations that the United States contributed to the alleged patent infringement, and because the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has already ruled, as a matter of law, that the inclusion of programmable logic controllers ("PLCs") as components in other devices does not result in the infringement of the patent, the court dismisses plaintiff's complaint.

## I. BACKGROUND

Plaintiff is the inventor and owner of U.S. Patent No. 6,552,654 ("'654 patent"), "Security System with a Mobile Telephone." The patent expired on April 22, 2007, "due to Mr. Gharb's non-payment of the maintenance fees required under 37 C.F.R. § 1.362." Unitronics (1989) (R " G) Ltd. v. Gharb, 532 F. Supp. 2d 25, 26 (D.D.C. 2008). In his complaint, plaintiff alleges that various corporations, including principally Mitsubishi Electric Corporation ("Mitsubishi Electric"), have violated his patent. The caption of his complaint names eight defendants: the United States, the United States Department of Commerce, the nation of Japan, the Ministry of Commerce of Japan, Mitsubishi Electric, Mitsubishi Automation, Joseph Truax, and Edmond E. Chang. Compl. 1.

Plaintiff's '654 patent was for a security system. Compl., Ex. 1 (U.S. Patent No. 6,552,654 (filed April 22, 2003)). Part of the patent provided for the integration of PLCs with a

GSM mobile phone where "the alarm information is transmitted in the form of [a data] set via mobile telephone. The PLC control units are client-specifically programmed with a computer (PC) during the start-up process and the information is transmitted to them via a mobile line (50, 51, 52)." Id. at 1. Plaintiff alleges that his invention, embodied in the '654 patent, "showed the world the new revelation to use PLC[s integrated with a] GSM mobile phone as [a] worldwide novelty." Compl. 1. Plaintiff states that "Mitsubishi has stolen [his] invention" because it manufactured PLCs that could communicate via a GSM system. Id. at 30.

As proof of Mitsubishi Electric's knowledge, according to the complaint, four representatives of the company, which manufactures PLCs, flew to Zurich to discuss licensing the '654 patent from plaintiff on June 2, 2005. Id. at 8 (reproducing letter from Mitsubishi Electric's Corporate Licensing Department confirming the meeting). While the parties apparently discussed a patent license agreement, it does not appear that any license agreement was ever executed. See id. at 9 (a letter from Mitsubishi Electric to plaintiff describing a break down in negotiations); id., Ex. 2 (an unexecuted proposed license agreement between Mitsubishi Electric and plaintiff). Plaintiff alleges that Mitsubishi Electric infringed the '654 patent before it expired, therefore committing direct infringement actionable under 35 U.S.C. § 271(a). In addition, plaintiff claims that because Mitsubishi was a government contractor, the federal government is also liable under 28 U.S.C. § 1498(a) for the patent infringement. Id. at 31. In his response to defendant's motion to dismiss, plaintiff reproduced a list summarizing the defense contracts awarded to Mitsubishi Electric from 2000 to 2011, but has provided no allegations that any of the contracts included PLC products.

Plaintiff filed his complaint on December 26, 2012, seeking $2 billion in damages. The complaint is one of five related complaints at the United States Court of Federal Claims ("Court of Federal Claims"). Three of the five complaints have been dismissed by other judges of this court on the basis of defendant's RCFC 12(b)(6) motions. Defendant similarly seeks dismissal here.

## II. DISCUSSION

### A. Pro Se Plaintiffs

A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only."); Bernard v. United States, 59 Fed. Cl. 497, 499 (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

2

## B. Plaintiff's Complaint States a Recognizable Claim

Defendant first asks the court to dismiss plaintiff's complaint pursuant to RCFC 41(b) because it does not comply with RCFC 8(a)'s requirements. Under RCFC 41(b), a complaint may be dismissed for failure to comply with the court's rules. While it is true that RCFC 8(a) requires all complaints to set forth a "short and plain statement of the claim," and plaintiff's complaint is a thirty-one page document that does not enumerate any specific claims or causes of action, the thrust of the complaint is clear. Plaintiff alleges that he was the holder of a valid patent and that that patent was infringed by various corporations and governments. Plaintiff's complaint in particular singles out Mitsubishi Electric as the prime patent violator. And because Mitsubishi Electric was a government contractor during the time in question, plaintiff alleges that defendant is liable to him for the infringement because "[t]he Government is directly liable for infringement by its contractors." Compl. 31. While the complaint could be clearer, the relaxed pleading standard applicable to <u>pro</u> <u>se</u> plaintiffs allows the court to discern a claim for governmental liability for patent infringement.

## C. Jurisdiction Under 28 U.S.C. § 1498

Defendant next asks the court to dismiss the complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. But because the court construes the complaint as seeking damages for patent infringement, the court has jurisdiction under 28 U.S.C. § 1498. Section 1498(a) provides:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

Plaintiff, although not expressly referencing this statute in his complaint, identifies it as the grounds for jurisdiction in his response to defendant's motion to dismiss. <u>See</u> Pl.'s Resp. 1-2, 27. Indeed, in his response, plaintiff reproduced a list summarizing the defense contracts awarded to Mitsubishi Electric from 2000 to 2011, immediately after referencing 28 U.S.C. § 1498. Plaintiff expressly relies upon 28 U.S.C. § 1498 and clarifies that his action in this case is for damages for patent infringement by a government contractor. This court has exclusive jurisdiction under 28 U.S.C. § 1498 for precisely this type of claim, and accordingly the court may not dismiss the entirety of the complaint pursuant to RCFC 12(b)(1).

However, plaintiff also names private corporations as defendants. "When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." <u>Shalhoub v. United States</u>, 75 Fed. Cl. 584, 585 (2007) (citing <u>Stephenson v. United States</u>, 58 Fed. Cl. 186, 190 (2003)). "[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."

3

Stephenson, 58 Fed. Cl. at 190.  Because the jurisdiction of the Court of Federal Claims "is confined to the rendition of money damages in suits brought for that relief against the United States, . . . if the relief sought is against other than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  United States v. Sherwood, 312 U.S. 584, 588 (1941).  Accordingly, the court must dismiss any claims against private corporations, individuals, and the nation of Japan.

### D.  Dismissal Under RCFC 12(b)(6)

Defendant finally requests the court to dismiss the action pursuant to RCFC 12(b)(6) because the complaint fails "to state a claim upon which relief can be granted."  "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy."  Indian Harbor Ins. Co. v. United States, 704 F.3d 949, 954 (Fed. Cir. 2013) (citing Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)).  "When considering an RCFC 12(b)(6) motion, the court "must determine 'whether the claimant is entitled to offer evidence to support the claims,' not whether the claimant will ultimately prevail."  Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v Fitzgerald, 457 U.S. 800, 814-19 (1982)).  "A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced."  RhinoCorps Co. v. United States, 87 Fed. Cl. 481, 492 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)).  While a complaint under RCFC 8(a) need only set forth a "short and plain statement of the claim," the United States Supreme Court "explained in Twombly that while Rule 8 does not require 'detailed factual allegations,' it does require more than 'labels and conclusions.'"  Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1062 (Fed. Cir. 2012) (quoting Twombly, 550 U.S. at 555).  "Deciding whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citing Twombly, 550 U.S. at 556).  Neither allegations "that are 'merely consistent with' a defendants liability," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are sufficient.  Id.

"The court assumes all well-pled factual allegations are true and indulges in all reasonable inferences in favor of the nonmovant."  Terry v. United States, 103 Fed. Cl. 645, 652 (2012) (citing United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

Here, plaintiff alleges that defendant directly infringed his '654 patent through the actions of Mitsubishi Electric and the government contracts held by Mitsubishi Electric.  But plaintiff has not made any allegation that the government contracts at issue required the government to

4

purchase PLCs. The information provided in plaintiff's response only indicates that the government had entered into contracts with Mitsubishi Electric, and does not identify particular contracts. See Pl.'s Resp. 2-3. Without more, plaintiff has not met the requirements of Twombly and Iqbal of providing sufficient factual content to allow the court to conclude that Mitsubishi Electric "used or manufactured" plaintiff's patent on behalf of the United States, as required by 28 U.S.C. § 1498(a). Plaintiff makes much of the June 2, 2005 meeting between himself and representatives of Mitsubishi Electric where the two parties discussed a licensing agreement. Yet all that plaintiff alleges in his complaint is that he "met with representatives of Mitsubishi Electric . . . because they knew" they stole his invention. Compl. 7. He does not allege that the federal government purchased PLCs from Mitsubishi Electric, nor does he provide anything more than a conclusory statement that Mitsubishi Electric infringed his patent. Therefore, plaintiff's allegations are not sufficient to survive a RCFC 12(b)(6) motion to dismiss.

Moreover, even if plaintiff had sufficiently alleged that Mitsubishi Electric infringed his patent and the government purchased or used the infringing products, this allegation would be unavailing to support his theory of liability as a matter of binding Federal Circuit law. In 2006, manufacturers of PLCs, concerned that plaintiff was threatening to assert patent infringement, sued plaintiff in the United States District Court for the District of Columbia ("district court") seeking a declaratory judgment that their products did not infringe the '654 patent and a permanent injunction precluding plaintiff from threatening infringement litigation. See Unitronics (1989) (R"G) Ltd. v. Gharb, 318 F. App'x 902, 903 (Fed. Cir. 2008) (per curiam), aff'g Unitronics, 532 F. Supp. 2d at 25. The district court found no infringement and accordingly granted the permanent injunction. Unitronics, 318 F. App'x at 903-04. Plaintiff appealed to the Federal Circuit, which affirmed the district court's decision. Id. at 905. First, the appellate court stated that it understood plaintiff's claim to be that "any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses PLCs communicating over GSM. . . . Gharb's belief, however, is premised on an incorrect understanding of the law." Id. at 904. The Federal Circuit clarified:

> A . . . device is not infringing "unless it contains each limitation of the claim, either literally or by an equivalent." Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997). In other words, it was not enough for Gharb to prove that Unitronics sold PLCs that could communicate over GSM. To prove infringement, he was required to show that Unitronics's devices met *all* of the limitations of the claim.

Id. The court continued: "The district court found that Gharb had not put forward evidence showing that any Unitronics product met all of the limitations of [the '654 patent]. We have reviewed the record, and we reach the same conclusion." Id. Further, "a PLC communicating over GSM alone would not infringe the '654 patent." Id.

In this case, plaintiff has brought another infringement claim based on the manufacture of a PLC equipped with GSM communication features. Three other judges of the Court of Federal Claims have dismissed complaints filed by plaintiff alleging patent infringement because the

5

filings were "premised entirely on the sale of PLCs that use the [GSM] system for cellular communications" even after "the Federal Circuit's explicit statement in its prior opinion that such allegations are insufficient to state a claim for infringement of the '654 patent." Gharb v. United States, No. 12-910C, 2013 WL 4406910, at *2 (Fed. Cl. Aug. 15, 2013); see also Gharb v. United States, No. 12-911C, slip op. at 9-10 (Fed. Cl. Sept. 9, 2013); Gharb v. United States, No. 13-100C, slip op. at 6-7 (Fed. Cl. June 26, 2013). The court adds its voice to this growing chorus and accordingly dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for failure to state a claim upon which relief can be granted. The clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

                                                 _____

MARGARET M. SWEENEY
Judge