# In the United States Court of Federal Claims

No. 18-1693C
(Filed: April 5, 2019)
NOT FOR PUBLICATION

```
********************************************
RAJESH DHARIA,                             *
                                           *
                 Plaintiff,                *
                                           *   Pro Se Plaintiff; Motion to Dismiss, RCFC
v.                                         *   12(b)(1); Defendants Other Than the United
                                           *   States; Extradition Treaty; Criminal Matters
THE UNITED STATES,                         *
                                           *
                 Defendant.                *
********************************************
```

## OPINION AND ORDER

Plaintiff Rajesh Dharia, proceeding pro se, filed suit in this court on October 22, 2019, seeking relief arising from a terrorist attack in India. Specifically, plaintiff alleges that "David Hadley" was responsible for a series of train bombings in Mumbai, India, that occurred on July 11, 2006; that Mr. Hadley is in jail for conspiring to carry out the bombings; that the United States has not handed Mr. Hadley over to India; and that the United States secretly paid a bribe to India.[1] Based on these allegations, plaintiff contends that the United States has violated its extradition treaty with India—breaching a contract and flouting an "international norm." Accordingly, plaintiff seeks extensive monetary damages;[2] a default judgment against the United States; arrest warrants for John Doe, Jenny Doe, and the federal prosecutor; the charging of the United States for harboring a terrorist; and the assistance of five attorneys at no cost to him.

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that the court lacks jurisdiction

---

[1] According to publicly available information, David Headly is currently imprisoned in the United States for conspiring to carry out a series of terrorist attacks in Mumbai, India in November 2008. See, e.g., Press Release, Office of Public Affairs, U.S. Dep't of Justice, David Coleman Headley Sentenced to 35 Years in Prison for Role in India and Denmark Terror Plots (Jan. 24, 2013), https://www.justice.gov/opa/pr/david-coleman-headley-sentenced-35-years-prison-role-india-and-denmark-terror-plots.

[2] Plaintiff specifically seeks damages in the amount of "1,000000000000000000000000, in short [that] America Surrender totally and unconditionally to the People of India."

to entertain plaintiff's claims.[3] In his response, plaintiff contends that the court possesses jurisdiction over his claims, and that the court must serve as a bulwark against terrorism by ensuring the extradition of Mr. Hadley to India and the arrest and conviction of the individuals involved in Mr. Hadley's federal prosecution. Defendant, in its reply, states that the assertions in plaintiff's response further establish that the court lacks jurisdiction over plaintiff's claims. The motion is now fully briefed and the court deems oral argument unnecessary. For the reasons stated below, the court grants defendant's motion and dismisses plaintiff's complaint.

## I. DISCUSSION

### A. Standard of Review

When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995), even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In other words, a plaintiff proceeding pro se must prove, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Trusted Integration, Inc., 659 F.3d at 1163. If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied

---

[3] Defendant also refers to RCFC 12(b)(6), but does not advance any arguments under that rule.

contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## C. The Court Lacks Jurisdiction to Entertain Plaintiff's Claims

As an initial matter, the court observes that plaintiff names multiple defendants in his complaint: the United States, the Federal Bureau of Investigation, "David Hadley," Robert Gates, George Bush, "Dick Chenny,"[4] John Doe, and Jenny Doe. However, it is well settled that the United States is the only proper defendant in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). This court does not possess jurisdiction to hear claims against individual federal government officials. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Nor does it have jurisdiction to hear claims between private parties. See, e.g., Nat'l City Bank of Evansville v. United States, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (footnotes omitted)). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941). Accordingly, plaintiff's claims against all parties except the United States must be dismissed for lack of jurisdiction.

Second, the court lacks jurisdiction to consider claims arising from a treaty unless otherwise provided by a federal statute. See 28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."). Plaintiff has not identified, and the court could not locate, any federal statute granting the Court of Federal Claims jurisdiction to entertain claims arising from the extradition treaty between the United States and India.[5] Thus, all such claims must be dismissed.

---

[4] Although plaintiff identifies this individual as "Dick Chenny," the court presumes that plaintiff is referring to Richard Bruce "Dick" Cheney, the 46th Vice President of the United States (2001-2009).

[5] There is a statute within the federal criminal code that authorizes judges of the United States to issue a warrant in connection with crimes committed within the jurisdiction of a foreign

Moreover, to the extent that plaintiff is claiming that the purported treaty violation constitutes a breach of contract, the court lacks jurisdiction to resolve such a claim. Although the Court of Federal Claims possesses jurisdiction over breach-of-contract claims, that jurisdiction extends only to situations in which there is privity of contract between the plaintiff and the United States, see Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998), or in which an exception to the privity rule applies, see First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (enumerating the following exceptions to the privity rule: suits by intended third-party beneficiaries, suits by subcontractors "by means of a pass-through suit when the prime contractor is liable to the subcontractor for the subcontractor's damages," and suits by government contract sureties "for funds improperly disbursed to a prime contractor"). Plaintiff is not a party to the extradition treaty, and therefore is not in privity with the United States. Further, plaintiff has not invoked any of the exceptions to the privity rule. Accordingly, plaintiff's breach-of-contract claim must be dismissed.

Finally, in seeking to have the United States charged with harboring a terrorist and to have the court to issue arrest warrants, plaintiff is requesting relief under the federal criminal code. However, the Court of Federal Claims lacks jurisdiction to entertain criminal matters, such as claims arising under the federal criminal code or claims regarding the conduct of criminal proceedings. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). Thus, the court lacks the authority to issue arrest warrants or make criminal charges.

## II. CONCLUSION

The court has reviewed plaintiff's complaint and determined that plaintiff has not asserted any claims over which the Court of Federal Claims possesses jurisdiction. Therefore, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of jurisdiction. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

government. See 18 U.S.C. § 3184 (2012). However, as explained below, the Court of Federal Claims lacks jurisdiction over criminal matters.